IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY ALLEN BRUSHWOOD,         ) | |
| ) | |
| Petitioner,         ) | |
| ) | |
| v.         ) | Case No. CIV-12-193-R |
| ) | |
| WARDEN ERIC FRANKLIN,         ) | |
| ) | |
| Respondent.         ) | |

## ORDER

Before the Court is Petitioner's motion to vacate [Doc. No. 22] filed September 17, 2012. The motion to vacate is DENIED as moot. The Court vacated the Order and Judgment of September 6, 2012 [Doc. Nos. 17 & 18] on September 10, 2012 [Doc. No. 20] due to Petitioner's late receipt of the Report and Recommendation. The Court also granted Petitioner an extension of time until September 21, 2012 in which to file his objection to the Report and Recommendation.

Included in Petitioner's motion to vacate, however, are Petitioner's objections to the Report and Recommendation. Thus, the Court treats Petitioner's pleading [Doc. No. 22] as his objection to the Report and Recommendation [Doc. No. 16]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

In his first objection, Petitioner asserts that he did challenge the introduction of allegedly unfairly prejudicial propensity evidence on federal constitutional grounds, specifically on the basis of the Fourteenth Amendment Due Process Clause. Moreover, in his second objection, he claims that he challenged the constitutionality of Okla. Stat. tit. 12, § 2413 on federal due process grounds in his state court appeal so that claim would not be subject to anticipatory procedural default.

Petitioner's first two objections mix apples and oranges. Petitioner *did* challenge the constitutionality of Section 2413 on federal due process grounds, as the Magistrate Judge (and the

Oklahoma Court of Criminal Appeals) clearly recognized. *See* Report and Recommendation at pp. 5-6. However, Petitioner made a separate claim based upon the alleged introduction of unfairly prejudicial propensity evidence. However, in both the state court and in his habeas petition, Petitioner challenged the admissibility of this evidence based solely on Okla. Stat. tit. 12, § 2143, on the ground that the evidence was more prejudicial than probative. *See* Report and Recommendation at pp. 6-7. Therefore, the Magistrate properly considered this claim as raising an issue of state law only and declined to consider the claim as making a federal due process challenge to the introduction of the propensity evidence because such a claim would be subject to anticipatory procedural bar. *See* Report and Recommendation at pp. 8-10, citing *Burke v. Rudek*, 2012 WL 2019164 (10th Cir. June 6, 2012).

In his objection to the Report and Recommendation as to Petitioner's claim that the Confrontation Clause was violated, Petitioner concedes that Ms. Sayaka Matsumoto was unavailable at trial and that her testimony was constitutionally admissible "testimonial hearsay" under *Crawford v. Washington*, 541 U.S. 36, 51-52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) but merely conclusorily states that he is "entitled to a favorable ruling on this claim because I was clearly denied due process under the Fourteenth Amendment's Due Process Clause." Motion to Vacate (Objection) at p. 5. This "objection" provides no basis for *de novo* review of the Magistrate Judge's findings and conclusions. In any event, the Court fully concurs in the findings and conclusions of the Magistrate Judge on the Confrontation Clause claim.

In his final objection, Petitioner objects to the failure to appoint counsel for him in these habeas proceedings. Not only was this issue not addressed in the Report and Recommendation, but Petitioner never filed a motion for appointment of counsel and, upon review of the record herein, the Court failed to find any request for appointment of counsel included in any of Petitioner's

pleadings or letters. Even if Petitioner had requested appointment of counsel herein, it would not have been warranted in light of the factors set forth in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Finally, Petitioner has not been prejudiced by his failure to challenge the admission of propensity evidence on federal constitutional grounds, as he suggests, because the Court would have been compelled not to consider it on the basis of anticipatory procedural bar. *See Burke v. Rudek*, 2012 WL 2019164 (10th Cir. June 6, 2012).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge entered August 13, 2012 [Doc. No. 16] is ADOPTED and the petition of Jeffery Allen Brushwood for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 20th day of September, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE